UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>        Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY DISTRICT ATTORNEY,<br><br>        Defendant. | No.  2:15-cv-1890 CKD P<br><br><br>ORDER |

Plaintiff is a county jail inmate, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. On October 7, 2015, plaintiff's complaint was dismissed for failure to state a claim, and plaintiff was granted thirty days' leave to amend. (ECF No. 7.) Before the court for screening is plaintiff's First Amended Complaint. (ECF No. 9.) See 28 U.S.C. § 1915A(a). Plaintiff has consented to a Magistrate Judge's jurisdiction to conduct all proceedings in this action. (ECF No. 6.)

In the amended complaint, plaintiff alleges that the Sacramento County District Attorney created a bail schedule that violates the Eighth Amendment. In order to prevail on a § 1983 claim that his bail violated the Excessive Bail Clause of the Eighth Amendment, plaintiff must demonstrate that his bail was enhanced for purposes unauthorized by California law or that the amount of bail was excessive in light of the valid purposes for which it was set. Galen v. County

of Los Angeles, 477 F.3d 652, 661 (9th Cir. 2007).  California Penal Code section 1269b(c) provides that "[i]t is the duty of the superior court judges in each county to prepare, adopt, and annually revise a uniform countywide schedule of bail for all bailable felony offenses[.]"  Cal. Pen. Code § 1269b(c).  Certain jail custodians are authorized to immediately release those who are arrested and booked, prior to an initial court appearance, upon the posting of bail in the amount specified in the countywide schedule of bail.  Id. § 1269b(b).

Plaintiff asserts that his bail amount was improperly enhanced by the district attorney.  However, plaintiff has not alleged any facts indicating that defendant prevented a judicial officer from exercising his or her independent judgment.  See Galen, 477 F.3d at 663 (9th Cir. 2007) (law enforcement officers can only be held liable for excessive bail "only if they prevented the [judicial officer] from exercising his independent judgment.").

Even if plaintiff filed an amended complaint seeking to hold the superior court liable for an excessive bail schedule, the claim would be barred by the Eleventh Amendment.  See Simmons v. Sacramento County Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff cannot state a claim against Sacramento County Superior Court because it is an arm of the state and thus barred by the Eleventh Amendment); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (claim against South Orange County Municipal Court barred by Eleventh Amendment because it is "arm of the state").

Thus, the amended complaint does not state a cognizable claim.  Because it appears that another round of amendment would be futile, the undersigned will dismiss this action.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed with prejudice.

Dated: November 17, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hard1890.fac

2